## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### No. 5:11-CV-00256-F

LORENZO RICHARDSON,                    )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )           **ORDER AND**
                                       )           **MEMORANDUM AND**
STATE OF NORTH CAROLINA and            )           **RECOMMENDATION**
DIVISION OF MENTAL HEALTH,             )
                                       )
        Defendants.                    )

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's monthly expenses exceed his monthly income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed. However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff filed the instant complaint on May 23, 2011. He asserts jurisdiction based on an "Article 3, Section 2 of the US Constitution, judicial powers invested for violations," and alleges that he has suffered from "personal injury, medical malpractice, conspiracy against rights enforced by an illegal involuntary commitment from Nov. 2010 and March 2011" and that this is "a case of political dissent suppression." Compl. at 2 [DE-1-1]. In his Civil Cover Sheet, Plaintiff has indicated that the applicable statute is "42 U.S.C. §200a-3 Civil action for Injunctive relief" and that the cause of action is "Medical malpractice & ILLEGAL involuntary commitment." Civil Cover Sheet at 1 [DE-1-4]. Plaintiff requests relief in the form of "substantial monetary damages/compensation, a complete removal or resolution of any mental commitment bar, and an injunction ordering the defendants to refrain from enforcing their negligent actions on [him]." Compl. at 3. Plaintiff has also submitted for the Court's review a document which he describes as "a hand typed petition explaining the merits and violations involved with this case." *Id.*; "Petition" at 1-19 [DE-1-2]. In addition to 17 pages of Plaintiff's explanation, this document also includes copies of what appear to be notices of appeal from two separate state court involuntary commitment determinations. "Petition" at 18-19.

The Court has reviewed Plaintiff's "Petition" in conjunction with his complaint in an attempt to gain a more complete picture of the basis for the instant action.[1] Though the underlying facts and circumstances are somewhat unclear, it appears to the Court that Plaintiff primarily alleges that he suffered from medical malpractice and seeks to challenge two state court proceedings that resulted in temporary involuntary commitments. To that end, Plaintiff

---

[1] The Court notes that Plaintiff currently has four other cases pending before this Court: (1) *Richardson v. State of North Carolina*, No. 5:11-cv-00081-D, filed on January 10, 2011; (2) *Richardson v. Greene*, No. 5:11-cv-00072-H2, filed on February 15, 2011; (3) *Richardson v. Greene*, No. 5:11-cv-00202-H, filed on April 27, 2011; and (4) *Richardson v. Social Security Administration*, No. 5:11-cv-257-BO, filed on May 23, 2011. It is not entirely clear to what extent any of these other cases may be related to the instant action.

2

appears to seek some sort of injunctive relief in the form of prevention of future involuntary commitments.

To the extent Plaintiff seeks to mount a constitutional challenge to the legality of his state court involuntary commitment(s), it is possible that, after exhausting his state court remedies, he may be able to file a petition for writ of habeas corpus.[2] *See* 28 U.S.C. § 2241. However, not only has Plaintiff not indicated in his complaint that he has exhausted such remedies, but in fact he has provided the Court with copies of the notices of appeal that indicate such remedies are currently in process. "Petition" at 18-19. Accordingly, Plaintiff's complaint fails to state a claim of illegal involuntary commitment currently cognizable in this Court.

To the extent Plaintiff seeks to assert a medical malpractice claim, it is well-settled that malpractice or negligence in diagnosis or treatment does not generally state a constitutional claim that may be maintained in federal court. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Furthermore, even if Plaintiff could maintain this action on state law grounds, North Carolina Rule of Civil Procedure 9(j) imposes substantive legal prerequisites that must be satisfied before filing a medical malpractice claim, which Plaintiff has not complied with. *See* N.C. R. Civ. P. j(1)-(3).[3]

Plaintiff has asserted no other potential basis for jurisdiction in this Court. Accordingly, the Court finds that the complaint fails to state a claim upon which relief may be granted.

---

[2] The Court does note that, as it appears that Plaintiff is no longer involuntarily committed, he may face additional jurisdictional hurdles in filing such an action.
[3] Such a complaint must assert that the medical care in question has been reviewed by a potential expert witness and who is willing to testify that the care did not comply with the applicable standard of care. Alternatively, the complaint must allege facts establishing negligence under the doctrine of *res ipsa loquitur*.

3

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-1-1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 1st day of July, 2011.

DAVID W. DANIEL
United States Magistrate Judge

4